IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CYNTHIA BRADLEY AND )
EVON FREEMAN, )
) CIVIL ACTION FILE NO.:
    Plaintiff, )
) 1:17-CV-02798-WSD
vs. )
)
GLOBAL MANAGEMENT & )
INVESTMENT CORPORATION )
and McDONOUGH HOTEL, LLC, )
)
    Defendants. )

## JOINT MOTION FOR STIPULATED JUDGMENT APPROVING FLSA SETTLEMENT AGREEMENT

Plaintiffs CYNTHIA BRADLEY ("Bradley") and Evon Freeman ("Freeman") (collectively hereinafter "Plaintiffs") and defendants GLOBAL MANAGEMENT & INVESTMENT CORPORATION, and McDONOUGH HOTEL, LLC, (collectively hereinafter "Defendants" or "McDonough Hotel"), (together, the "Parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement. In support of their joint motion, the Parties state as follows:

## STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS

Plaintiffs Cynthia Bradley and Evon Freeman are former employees of Defendants. Plaintiffs brought this action against Defendants seeking allegedly

- 1 -

unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and discrimination and retaliation claims for damages pursuant to 42 U.S.C. § 1981 (the "claims").  The Parties agreed to settle the case and now request this Court's entry of a stipulated judgment approving the settlement agreement.

On or about October 30, 2017, Plaintiff Bradley filed her First Amended Complaint against Defendants alleging violations of the FLSA.  (Docket No. 9).  On or about January 22, 2018, Plaintiff Bradley filed her Second Amended Complaint, naming Freeman as an additional plaintiff.  (Docket No. 20).  Although Defendants deny liability, counsel for the parties agreed to assess the viability of Plaintiffs' claims and the strength of any defenses to same.  After careful consideration, the Parties determined that settlement would be favorable to both sides instead of litigation.  Thus, the parties entered into settlement discussions and ultimately reached agreement as to all material terms of settlement as set forth in the Settlement Agreement and Release of Claims (the "Agreements") attached hereto as Exhibit A and Exhibit B.  (Settlement Agreement and Release of Claims by Bradley, attached hereto as Exhibit "A"; Settlement Agreement and Release of Claims by Freeman, attached hereto as Exhibit "B").

Under the Agreements, without admitting liability, Defendants agree to pay Bradley the total amount of $25,000, including payment to Bradley of $14,404.27 as overtime wages and liquidated damages, and $10,595.73 to Bradley's counsel for

attorney's fees and costs.  In addition, under the Agreements, without admitting liability, Defendants agree to pay Freeman the total amount of $15,000, including payment to Freeman of $9,000 as overtime wages and liquidated damages, and $6,000 to Freeman's counsel for attorney's fees and costs     The Parties expressly agreed to jointly submit the Agreements to this Honorable Court requesting the Court's approval of settlement.

## ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or the U.S. Department of Labor must review and approve agreements settling alleged violations of the FLSA.  See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor).  Because the Agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it."  Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1308 (11th Cir. 2013) (citing Lynn's Food, 679 F.2d at 1352-54).  Accordingly, the Parties are submitting a copy of the Agreement for the Court's review, ratification, and entry of stipulated judgment approving it.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable

{Firm/1237/00018/01732139.DOCX }

resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  Lynn's Food, 679 F.2d at 1355.  If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

## I.    APPROVAL OF PAYMENT TO PLAINTIFFS

There is a strong presumption in favor of finding a settlement fair.  See Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").  In determining whether the settlement is fair, adequate, and reasonable, courts may (but are not required to) examine the following factors that are also used in approving the settlement of class actions under Federal Rule of Civil Procedure 23:

(1) the existence of collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

See Leverso v. SouthTrust Bank of Alabama, Nat'l Assoc., 18 F.3d 1527, 1530-31, n.6 (11th Cir. 1994); Garcia v. Riccy's Landscaping Servs., Inc., No. 6:08-cv-706-Orl- 28GJK, 2009 WL 347418, at *2 (M.D. Fla. Feb. 11, 2009); Hitchcock v. Orange County, Fla., No. 604CV1722ORL28JGG, 2006 WL 3614925, at *3 (M.D. Fla. Dec.

11, 2006).  In this case, an analysis of the above-listed factors dictates approval of the settlement.

As an initial matter, the settlement is the ultimate result of arms-length negotiations by Parties who were well represented by counsel and made aware of all potential outcomes by counsel, and represents a compromise between the legal positions taken by the Parties in this litigation.  The settlement is fair, the payment to Plaintiffs is equitable, and there is no evidence of collusion.

In addition, the Agreement allows Plaintiffs to make a recovery now, without suffering the delay and risk of litigating their claims.  In this case, further litigation, including continued discovery and depositions, anticipated cross-motions for summary judgment, and potential appeals, could drag on for years and require the expenditure of a tremendous amount of resources.  Thus, the settlement satisfies the complexity, expense, and likely duration of the litigation element of the analysis. Likewise, the parties have had sufficient information upon which to assess the potential merit of each claim, ultimate liability, and the apparent risk of proceeding to trial.

As for the probability of Plaintiffs' success on the merits of their claims, Defendants adamantly maintain that Plaintiffs' positions were properly and reasonably classified as non-exempt under the FLSA, and that Plaintiffs have been fully and properly compensated in compliance with the FLSA and all other

applicable laws.  Conversely, Plaintiffs assert that Defendants failed to compensate Plaintiffs for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which Plaintiffs were employed in violation of the FLSA's overtime requirements. The Parties therefore disagree on the probability of Plaintiffs' success on the merits both as to liability and damages and the range of possible recovery.   "[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion."  Newman v. Stein, 464 F.2d 689, 693 (2d Cir. 1972).

Based on what the Parties learned through the discussions of counsel and the exchange of information and documents, the Parties negotiated a fair settlement for Plaintiffs.  The Settlement provides Plaintiffs with a recovery greater than the maximum possible measure of damages that Defendants contend Plaintiffs could ever be awarded in this case but less than the maximum possible measure of damages that Plaintiffs contend they could be awarded.  Therefore, Plaintiffs' recovery is within the range of possible recovery amounts that should be approved as fair.  By settling, Plaintiffs avoid the risks of not establishing liability at trial and the possibility of an adverse cost judgment under Fed. R. Civ. P. 54, avoids substantial and indefinite delay in payment involved in having to wait for trial and any appeals, and avoids potential adverse determinations on damages such as rejection or

reduction of the hours claimed or reduction of the calculation of overtime damages and/or liquidated damages arising from the number of overtime hours proven. Defendants' and Plaintiffs' counsel therefore recommended acceptance of this settlement.

## II.     APPROVAL OF PAYMENT OF ATTORNEY'S FEES

The Agreements provide that Defendants shall pay Plaintiffs' attorney's fees and costs in the amount of $10,595.73 with respect to Bradley's claims, and $6,000 with respect to Freeman's claims, to be approved by this Court. This is an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for a payment amount to Plaintiffs for their alleged damages, and to Plaintiffs' counsel for attorney's fees and costs incurred in this action. Therefore, as a district court within this Circuit recognized in <u>Dail v. George A. Arab Inc.</u>, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the Parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. <u>See Lynn's Food Stores</u>, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in

- 7 -

exercising its discretion in determining the reasonableness
of the attorneys' fee.

Moreover, because Defendants have agreed to and do not oppose the amount or reasonableness of the attorney's fees to be paid to Plaintiffs' counsel, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiffs' counsel or the amount of the total fees incurred.  See Dail, 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs.").  If, however, the Court requires a fee petition or other submission for the purposes of conducting a lodestar cross-check on the attorney's fees and costs to be paid to Plaintiffs' counsel in this settlement, Plaintiffs respectfully request the opportunity to supplement this joint motion with the required submittal.

## CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter the Order attached hereto as Exhibit C approving the Agreements attached hereto as Exhibit A and Exhibit B.

Respectfully submitted, this 13th day of February, 2018.

**COUNSEL FOR PLAINTIFFS**          **COUNSEL FOR DEFENDANTS**

/s/ Adeash "AJ" Lakraj               /s/ Alexa L. Morris_____
Adeash "AJ" Lakraj                   William T. Mitchell
Georgia Bar No. 444848               Georgia Bar No. 513810
ajlakraj@justiceatwork.com           Sean Keenan
Barrett & Farahany                   Georgia Bar No. 523871
1100 Peachtree St.                   Alexa L. Morris
Suite 500                            Georgia Bar No. 995229
Atlanta, GA 30309                    Cruser, Mitchell, Novitz, Sanchez,
                                         Gaskin & Zimet LLP
                                     275 Scientific Drive, Suite 2000
                                     Norcross, GA  30092

- 9 -

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), counsel hereby certifies that this document

has been prepared using Times New Roman 14-point font, as approved by Local

Rule 5.1(c).

This 13th day of February, 2018.

/s/ Alexa L. Morris_____
William T. Mitchell
Georgia Bar No. 513810
Sean Keenan
Georgia Bar No. 523871
Alexa L. Morris
Georgia Bar No. 995229
Cruser, Mitchell, Novitz,
  Sanchez, Gaskin & Zimet LLP
275 Scientific Drive, Suite 2000
Norcross, GA  30092

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day electronically filed the foregoing

***Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreements***

with the Clerk of Court using the CM/ECF system, which will automatically send

email notification of such filing to the following attorneys of record:

Adeash "AJ" Lakraj
BARRETT & FARAHANY
1100 Peachtree St.
Suite 500
Atlanta, GA 30309
ajlakraj@justiceatwork.com

This 13th day of February, 2018.

/s/ Alexa L. Morris_____
William T. Mitchell
Georgia Bar No. 513810
Sean Keenan
Georgia Bar No. 523871
Alexa L. Morris
Georgia Bar No. 995229
Cruser, Mitchell, Novitz,
  Sanchez, Gaskin & Zimet LLP
275 Scientific Drive, Suite 2000
Norcross, GA  30092

- 11 -

# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and among CYNTHIA BRADLEY ("Bradley" or "Plaintiff"), and GLOBAL MANAGEMENT & INVESTMENT CORPORATION and McDONOUGH HOTEL, LLC ("McDONOUGH HOTEL" or "Defendants") (collectively "the Parties").

This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences and causes of actions raised by Bradley.

### RECITALS

WHEREAS, Bradley filed suit against Defendants asserting her claims at issue in this Agreement in the case styled *Cynthia Bradley v. Global Management & Investment Corporation and McDonough Hotel, LLC,* Case No. 1:17-cv-02798, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendants deny Bradley's allegations regarding her claims.

WHEREAS, on December 15, 2017, the Parties arrived at an agreement to settle Bradley's claims.

WHEREAS, Defendants deny, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Bradley's claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Bradley's claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Bradley's claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Bradley and Bradley's counsel believe the settlement as provided in this Agreement is in the best interests of Bradley and represents a fair, reasonable, and adequate resolution of her claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

### AGREEMENT

**A.     Consideration:** In order to resolve Bradley's FLSA claims, Defendants agree to pay a total of $25,000.00 (collectively the "Settlement Payment"):

    (i)    $14,404.27 to Bradley as overtime wages and liquidated damages; and
    (ii)   $10,595.73 to Bradley's counsel for attorney's fees and costs.

**B.     Settlement Payment and Taxes:**

1.     In exchange for and in consideration of the Parties in this Agreement, Defendants agree to pay a total sum of TWENTY-FIVE THOUSAND DOLLARS AND 0/100ths ($25,000.00). The payment will be tendered as follows:

     i.     The gross and net amount of $1,440.43, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim shall be paid to Bradley. An IRS Form W-2 will be issued to Bradley for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendants along with the executed Agreement; and

    ii.     One (1) check payable to Bradley in the gross and net amount of $12,963.84, as liquidated damages. An IRS Form 1099 will be issued to Bradley for this amount. Bradley must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement; and

   iii.     One (1) check payable to Barrett & Farahany in the amount of $10,595.73 representing attorneys' fees and costs. Barrett & Farahany must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement.

2.     The settlement sum will be mailed to Plaintiff's counsel within ten (10) business days following: (1) the full execution of the Agreement; (2) Plaintiff's delivery of completed IRS forms W-4 and W-9 to defendants' counsel; and (3) Plaintiff's counsel's delivery of completed IRS Form W-9 for Barrett & Farahany. The settlement proceeds shall be held in trust by Plaintiff's counsel until such time as the Court's order approving this Agreement ("Approval Order") is entered.

3.     Plaintiff shall direct her attorney(s) to prepare and file all necessary documents to obtain the Court's approval of this Agreement and dismissal of her claim in the Lawsuit with prejudice.

C.     Mutual Releases:  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Bradley hereby RELEASES, REMISES, AND FOREVER DISCHARGES Global Management & Investment Corporation and McDonough Hotel, LLC, all principals and agents, employers and employees, managers, supervisors, lawyers, affiliated companies, tenants, and suppliers and distributors of Defendants and any of its subsidiaries, and any joint tortfeasors and other persons and entities, whether or not specifically named or referred to who may be jointly or severally liable; all primary and excess insurers, reinsurers, indemnitors, predecessors and successors, executors and administrators, heirs and assigns; and all other persons and entities, whether or not specifically named or referred to, which may be liable on behalf of those named or referred to above (collectively the " Released Parties" ) from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, expressly limited to only his/her individual claims under the Fair Labor Standards Act for payment of hours worked up to the date of this

Agreement, all liquidated damages that Bradley may be entitled to under the FLSA, all attorney's fees that Bradley may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Bradley may be entitled to under the FLSA, and it is expressly agreed that Bradley is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement. Global Management & Investment Corporation and McDonough Hotel, LLC, its insurers, directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby RELEASE, REMISE, AND FOREVER DISCHARGE Bradley from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against her, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to her claims released in this Agreement.

**D.     Court Approval:** Within fourteen (14) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto. The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement. The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Bradley's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Bradley's attorneys' fees to be paid to Bradley's Counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants. Defendants deny any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Severability of Provisions:** After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect. If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**G.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**H.     Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

{Firm/1237/00018/01755062.DOCX }

**I.     Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**J.     Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**K.     Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**L.     No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**M.     References and Anti-Retaliation:** Defendants are aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agree to comply to the extent required by law. Defendants agree to respond to any inquiries regarding Plaintiff by providing only a neutral reference stating her dates of employment, job title, and last rate of pay, to the extent that information is requested.

**N.     Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

**O.     Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**P.     When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**Q.     Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**R.     Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**S.     Continuing Jurisdiction:** Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**T.    Medicare Release:**    Bradley warrants that she is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been made by Medicare.  Bradley agrees to indemnify and hold harmless McDonough Hotel, LLC from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, related to any Conditional Payments made by Medicare, or any medical expenses or payments arising from or related to any released matters that is subject to this Agreement or the Medicare Release (attached hereto as Exhibit "A"), including but not limited to all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments and all Medicaid liens.

*[signatures on next page]*

# GLOBAL MANAGEMENT & INVESTMENT CORPORATION

By: _____, [Officer Title]

Date: _____

## McDONOUGH HOTEL, LLC

By: _____, [Officer Title]

Date: _____

**CYNTHIA BRADLEY**

*Cynthia Bradley*

Date: 1/19/18

**REVIEWED AND APPROVED AS TO FORM BY COUNSEL:**

Adeash "AJ" Lakraj, counsel for Bradley

Date: 1/19/18

Robyn Oliver Webb, counsel for Defendants

Date: _____

**GLOBAL MANAGEMENT & INVESTMENT CORPORATION**

By: _President_, [Officer Title]

Date: 2 - 6 - 2018

**McDONOUGH HOTEL, LLC**

By: _Manager_, [Officer Title]

Date: 2 - 6 - 2018

**CYNTHIA BRADLEY**

_____

Date: _____

**REVIEWED AND APPROVED AS TO FORM BY COUNSEL:**

_____        _____
Adeash "AJ" Lakraj, counsel for Bradley        Robyn Oliver Webb, counsel for Defendants

Date: _____        Date: _____

{Firm/1237/00018/01755062.DOCX }

**GLOBAL MANAGEMENT & INVESTMENT CORPORATION**

By: _____, [Officer Title]

Date: _____


**McDONOUGH HOTEL, LLC**

By: _____, [Officer Title]

Date: _____


**CYNTHIA BRADLEY**

_____

Date: _____


**REVIEWED AND APPROVED AS TO FORM BY COUNSEL:**

_____          _____
Adeash "AJ" Lakraj, counsel for Bradley          Alexa L. Morris, counsel for Defendants

Date: _____          Date: _2/12/18_____

## EXHIBIT A

**MEDICARE RELEASE**

### Medicare Information

Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided the releasor's full address, Social Security Number, date of birth, gender, and, if available, their Medicare Health Insurance Claim Number (HICN.) Provision of this information is a condition of this settlement. Spaces are provided at the end of this Release for compliance.

### Liens – Indemnity and Hold Harmless

It is expressly understood and agreed, Claimant further covenant and agrees that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

In this regard, Claimant agrees to indemnify and hold harmless the Released Parties, their insurance carriers, their attorneys and all others in privity with them, from any claim by, through and/or under Claimant including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to the injuries and claims arising from the accident in question.

### Medicare Set Aside

It is further expressly understood and agreed, to the extent applicable, Claimant covenants that Claimant will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs of Claimant, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the accident in question. In the alternative, Claimant shall covenant that they do not presently anticipate that Claimant will require medical and/or health care treatment for the injuries and/or conditions related to and/or arising from the accident in question. Further, should funds not be placed in an approved Medicare Set Aside Account for Claimant, and care and treatment for injuries and/or conditions reasonably related to the accident is subsequently sought, then Claimant covenants and represents to the Released Parties, their insurance carriers, their attorney and others in privity with them, that Claimant will not submit nor seek payment for said medical care from Medicare and/or any other government funded program. This covenant and representation shall be included as part of the indemnification obligations of Claimant stated herein.

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your
Social Security Card

*Cynthia Bradley*

Social Security Number

*255372481*

Address

*60656 Dorian Dr
Union City Ga30291*

Date of Birth

*09/15/78*

Medicare Health Insurance Claim
Number (HICN)

Gender

*F*

I further declare under penalty of perjury under the laws of the State of ___*Ga*___, that: 1) I am not currently entitled to Medicare; and 2) none of the treatment I received for the injury or injuries claimed in this lawsuit (or related to the incident giving rise to this lawsuit) or released in this agreement were submitted to or paid for by Medicare.

[CLAIMANT/PLAINTIFF signature]

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY
UNDERSTANDS IT.

Signed, sealed and delivered this __*19th*__ day of __*January*__, 20*18*

CAUTION: READ BEFORE SIGNING

BELOW

_____          _____
Witness                             Claimant

*Marilyn D. Schmitt*          _____
Witness                             Claimant

STATE OF __*Georgia*__

COUNTY OF __*Fulton*__

{Firm/1237/00018/01755062.DOCX }

On the ___19th___ day of ___January___, 20_18_, before me personally appeared ___Cynthia Bradley___

to me known to be the person(s) named herein and who executed the foregoing Release and _____ acknowledged to me that _____ voluntarily executed the same.

My term expires ___Dec. 5___, 20_20_.

___Linda Peedy___
Notary Public

# Exhibit B

{Firm/1237/00018/01732139.DOCX }

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is entered into by and among EVON FREEMAN ("Freeman" or "Plaintiff"), and GLOBAL MANAGEMENT & INVESTMENT CORPORATION and McDONOUGH HOTEL, LLC ("McDONOUGH HOTEL" or "Defendants") (collectively "the Parties").

This Agreement is made as a compromise between the Parties for the complete and final settlement of their claims, differences and causes of actions raised by Freeman.

## RECITALS

WHEREAS, Freeman filed suit against Defendants asserting her claims at issue in this Agreement in the case styled *Cynthia Bradley v. Global Management & Investment Corporation and McDonough Hotel, LLC,* Case No. 1:17-cv-02798, U.S. District Court for the Northern District of Georgia (the "Litigation").

WHEREAS, Defendants deny Freeman's allegations regarding her claims.

WHEREAS, on December 15, 2017, the Parties arrived at an agreement to settle Freeman's claims.

WHEREAS, Defendants deny, and continue to deny, the allegations in the Litigation and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in Freeman's claims; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of litigation, the Parties have agreed to settle Freeman's claims on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Litigation would be uncertain and achieving a final result through litigation would require additional risk, discovery, time and expense.

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in Freeman's claims; after balancing the benefits of settlement with the costs, risks, and delay of litigation, Freeman and Freeman's counsel believe the settlement as provided in this Agreement is in the best interests of Freeman and represents a fair, reasonable, and adequate resolution of her claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.     Consideration:** In order to resolve Freeman's FLSA claims, Defendants agree to pay a total of $15,000.00 (collectively the "Settlement Payment"):

(i)      $9,000 to Freeman as overtime wages and liquidated damages; and

(ii)     $6,000 to Freeman's counsel for attorney's fees and costs.

**B.     Settlement Payment and Taxes:**

1.      In exchange for and in consideration of the Parties in this Agreement, Defendants agree to pay a total sum of FIFTEEN THOUSAND DOLLARS AND 0/100ths ($15,000.00). The payment will be tendered as follows:

     i.     The gross and net amount of $900, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim shall be paid to Freeman. An IRS Form W-2 will be issued to Freeman for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendants along with the executed Agreement; and

    ii.     One (1) check payable to Freeman in the gross and net amount of $8,100, as liquidated damages. An IRS Form 1099 will be issued to Freeman for this amount. Freeman must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement; and

   iii.     One (1) check payable to Barrett & Farahany in the amount of $6,000 representing attorneys' fees and costs. Barrett & Farahany must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement.

2.      The settlement sum will be mailed to Plaintiff's counsel within ten (10) business days following: (1) the full execution of the Agreement; (2) Plaintiff's delivery of completed IRS forms W-4 and W-9 to defendants' counsel; and (3) Plaintiff's counsel's delivery of completed IRS Form W-9 for Barrett & Farahany.  The settlement proceeds shall be held in trust by Plaintiff's counsel until such time as the Court's order approving this Agreement ("Approval Order") is entered.

3.      Plaintiff shall direct her attorney(s) to prepare and file all necessary documents to obtain the Court's approval of this Agreement and dismissal of her claim in the Lawsuit with prejudice.

C.     Mutual Releases:  In exchange for the payments set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Freeman hereby RELEASES, REMISES, AND FOREVER DISCHARGES Global Management & Investment Corporation and McDonough Hotel, LLC, all principals and agents, employers and employees, managers, supervisors, lawyers, affiliated companies, tenants, and suppliers and distributors of Defendants and any of its subsidiaries, and any joint tortfeasors and other persons and entities, whether or not specifically named or referred to who may be jointly or severally liable; all primary and excess insurers, reinsurers, indemnitors, predecessors and successors, executors and administrators, heirs and assigns; and all other persons and entities, whether or not specifically named or referred to, which may be liable on behalf of those named or referred to above (collectively the " Released Parties" ) from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to him/her which he/she may now have against them, either individually, jointly, or severally, expressly limited to only his/her individual claims under the Fair Labor Standards Act for payment of hours worked

up to the date of this Agreement, all liquidated damages that Freeman may be entitled to under the FLSA, all attorney's fees that Freeman may be entitled to under the FLSA, and any other award, recovery, damages or compensation that Freeman may be entitled to under the FLSA, and it is expressly agreed that Freeman is not releasing any other claims in this Agreement, and that this release shall not have res judicata or collateral estoppel effect on any claims not expressly released in this Agreement. Global Management & Investment Corporation and McDonough Hotel, LLC, its insurers, directors, officers, administrators, agents, subsidiaries, affiliates, and attorneys, hereby RELEASE, REMISE, AND FOREVER DISCHARGE Freeman from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them which they may now have against her, either individually, jointly, or severally, based upon acts or facts which have occurred from the beginning of time to the date of this Agreement, arising out of or related to her claims released in this Agreement.

**D.     Court Approval:**  Within fourteen (14) business days of the execution of this Agreement the Parties will file with the Court on the publicly available docket a joint motion for approval of the terms of this Agreement, attaching this Agreement as an exhibit thereto.  The Parties will cooperate and take all necessary steps to effect final judicial approval of this Agreement.  The Parties expressly agree that the terms of this Agreement are fair and equitable, and to the extent that Freeman's Counsel is required to petition the Court for approval of the reasonableness and amount of its attorneys' fees and costs to be paid under this Agreement, Defendants do not oppose and agree not to oppose the amount (or the reasonableness of the amount) of Freeman's attorneys' fees to be paid to Freeman's Counsel out of the total Settlement Payment.

**E.     No Admission of Liability:** The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by Defendants.  Defendants deny any liability, responsibility, or wrongdoing as alleged in the claims.

**F.     Severability of Provisions:**   After approval by the Court, as addressed above, if any portion of this Agreement is held to be invalid by operation of law, the remaining terms of this Agreement shall not be affected and shall continue in full force and effect.  If the Court does not approve this Agreement in whole, however, the Parties agree they will attempt, in good faith, to revise this Agreement consistent with the intent of the Parties, as reflected in this Agreement, and resubmit this Agreement for approval by the Court within ten (10) days of any Order rejecting settlement approval.

**G.     Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**H.     Choice of Law:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia regardless of whether any party is, or may hereafter be, a resident of another state.

 **I.      Extension of Time:** The Parties may mutually agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**J.      Amendments/Modifications:** No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by all of the Parties.

**K.      Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

**L.      No Third-Party Beneficiaries:** This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

**M.      References and Anti-Retaliation:** Defendants are aware of the anti-retaliation provisions of Section 215 of the Fair Labor Standards Act and agree to comply to the extent required by law.  Defendants agree to respond to any inquiries regarding Plaintiff by providing only a neutral reference stating her dates of employment, job title, and last rate of pay, to the extent that information is requested.

**N.      Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein.

**O.      Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

**P.      When Agreement Becomes Effective; Counterparts:** This Agreement shall become effective upon its execution and approval by the Court; however, the date of execution by the Parties shall be the effective date of the Agreement for the purposes of determining the end date of the releases contained herein.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

**Q.      Facsimile Signatures:** Execution by facsimile or signed .pdf delivered by email shall be deemed effective as if executed in original.

**R.      Corporate Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

**S.      Continuing Jurisdiction:**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, for the purpose of the administration and enforcement of this Agreement.

**T.     Medicare Release**:     Freeman warrants that she is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been made by Medicare. Freeman agrees to indemnify and hold harmless McDonough Hotel, LLC from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, or any other person or entity, related to any Conditional Payments made by Medicare, or any medical expenses or payments arising from or related to any released matters that is subject to this Agreement or the Medicare Release (attached hereto as Exhibit "A"), including but not limited to all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments and all Medicaid liens.

*[signatures on next page]*

**GLOBAL MANAGEMENT & INVESTMENT CORPORATION**

By: _____, [Officer Title]

Date: _____

**McDONOUGH HOTEL, LLC**

By: _____, [Officer Title]

Date: _____

**EVON FREEMAN**

Date: 1-31-18

**REVIEWED AND APPROVED AS TO FORM BY COUNSEL:**

Adeash "AJ" Lakraj, counsel for Freeman

Date: 1-31-18

Robyn Oliver Webb, counsel for Defendants

Date: _____

**GLOBAL MANAGEMENT & INVESTMENT CORPORATION**

By: _President_, [Officer Title]

Date: _2-6-2018_

**McDONOUGH HOTEL, LLC**

By: _Manager_, [Officer Title]

Date: _2-6-2018_

**EVON FREEMAN**

_____

Date: _____

**REVIEWED AND APPROVED AS TO FORM BY COUNSEL:**

_____     _____
Adeash "AJ" Lakraj, counsel for Freeman          Robyn Oliver Webb, counsel for Defendants

Date: _____          Date: _____

## GLOBAL MANAGEMENT & INVESTMENT CORPORATION

By: _____, [Officer Title]

Date: _____

## McDONOUGH HOTEL, LLC

By: _____, [Officer Title]

Date: _____

## EVON FREEMAN

Date: _____

## REVIEWED AND APPROVED AS TO FORM BY COUNSEL:

Adeash "AJ" Lakraj, counsel for Freeman

Date: _____

Alexa L. Morris, counsel for Defendants

Date: 2/12/18

## EXHIBIT A

**MEDICARE RELEASE**

**Medicare Information**
Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided the releasor's full address, Social Security Number, date of birth, gender, and, if available, their Medicare Health Insurance Claim Number (HICN.)  Provision of this information is a condition of this settlement.   Spaces are provided at the end of this Release for compliance.

**Liens – Indemnity and Hold Harmless**
It is expressly understood and agreed, Claimant further covenant and agrees that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

In this regard, Claimant agrees to indemnify and hold harmless the Released Parties, their insurance carriers, their attorneys and all others in privity with them, from any claim by, through and/or under Claimant including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to the injuries and claims arising from the accident in question.

**Medicare Set Aside**
It is further expressly understood and agreed, to the extent applicable, Claimant covenants that Claimant will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs of Claimant, for any injury and/or condition that requires treatment that arises from the injuries related and/or caused by the accident in question.  In the alternative, Claimant shall covenant that they do not presently anticipate that Claimant will require medical and/or health care treatment for the injuries and/or conditions related to and/or arising from the accident in question.  Further, should funds not be placed in an approved Medicare Set Aside Account for Claimant, and care and treatment for injuries and/or conditions reasonably related to the accident is subsequently sought, then Claimant covenants and represents to the Released Parties, their insurance carriers, their attorney and others in privity with them, that Claimant will not submit nor seek payment for said medical care from Medicare and/or any other government funded program.  This covenant and representation shall be included as part of the indemnification obligations of Claimant stated herein.

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your
Social Security Card
Evon Freeman

Address: 255 Zvia trace Ct
MC Doght GA 30253

Medicare Health Insurance Claim
Number (HICN)

Social Security Number
103 44 1386

Date of Birth FEB 20 1954

Gender
Female

I further declare under penalty of perjury under the laws of the State of _____,
that: 1) I am not currently entitled to Medicare; and 2) none of the treatment I received for the
injury or injuries claimed in this lawsuit (or related to the incident giving rise to this lawsuit) or
released in this agreement were submitted to or paid for by Medicare.

[CLAIMANT/PLAINTIFF signature]


THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY
UNDERSTANDS IT.

Signed, sealed and delivered this __31__ day of __JAN__, 20_18_

CAUTION: READ BEFORE SIGNING

BELOW

Witness                        Claimant

_____        _____
Witness                        Claimant

STATE OF ___Georgia___

COUNTY OF ___Henry___

On the ___31st___ day of ___January___, 20_18_, before me personally appeared ___Evon Freeman___

to me known to be the person(s) named herein and who executed the foregoing Release and acknowledged to me that _____ voluntarily executed the same.

My term expires ___January   31st___, 20_18_.

_____
Notary Public

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CYNTHIA BRADLEY AND      )
EVON FREEMAN,            )
                        )      CIVIL ACTION FILE NO.:
    Plaintiff,           )
                        )      1:17-CV-02798-WSD
vs.                     )
                        )
GLOBAL MANAGEMENT &     )
INVESTMENT CORPORATION  )
and McDONOUGH HOTEL, LLC,)
                        )
    Defendants.         )

## [PROPOSED] ORDER

This case is before the Court for consideration of the Joint Motion for Stipulated Judgment Approving FLSA Settlements. After reviewing the record and the joint submission of the parties, the Court enters the following Order.

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The settlement and release is enforceable "**only** if the district court enter[s] a 'stipulated judgment' approving it." Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1308 (11th Cir. 2013) (emphasis added). Having reviewed the Settlement Agreement and Release of

- 15 -

Claims (the "Agreement") executed by the parties, the Court finds that the settlement is fair, adequate, and reasonable.  The Court finds that the Agreement was negotiated at arm's length and is not the result of any collusion.

Therefore, the Joint Motion for Stipulated Judgment Approving FLSA Settlement Agreement is hereby **GRANTED**, the settlement of the parties in the Agreement is hereby **APPROVED**, and the terms of the parties' Agreement are hereby incorporated into this Order as the stipulated **JUDGMENT** in this case.

Consistent with the terms of the Agreement, Defendants shall tender to Plaintiffs all payments within the time periods set forth in the Agreement.

**SO ORDERED** this _____ day of _____, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

{Firm/1237/00018/01732139.DOCX }